**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-20096-KHV** |
| **ALBERT WINTERS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## INSTRUCTIONS TO THE JURY

| Instructions | Instruction No. |
|---|---|
| Duties of Jury | 1-2 |
| Evidence | 3-7 |
| Burden of Proof | 8-10 |
| Presumption of Innocence | 11 |
| Count 1 Under 21 U.S.C. § 846 | 12-20 |
| Duties of Jury | 21-23 |

INSTRUCTION NO. 1


MEMBERS OF THE JURY:

Now that you have heard the evidence, the time has come for the Court to instruct you on the law governing this case.  Although you as jurors are the sole judges of the facts, you are duty bound to follow the law stated in the instructions of the Court and to apply the law so given to the facts as you find them from the evidence before you.  You should not single out any one instruction as stating the law in this case. Rather, you should construe each of the instructions in light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence.  The order in which the instructions are given has no significance and is no indication of their relative importance.

You are not to be concerned with the wisdom of any rule of law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than that given in the Court's instructions.

INSTRUCTION NO. 2

You have been chosen and sworn as jurors in this case to try the issues of fact presented. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

In considering the evidence in this case, you are expected to use your good sense. Consider the evidence only for those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge and experience. However, you should not be influenced by anything outside the issues of this case. Both the parties and the public expect that you will carefully and impartially consider all of the evidence properly before you in the case, follow the law stated by the Court and reach a just verdict, regardless of the consequences. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything but the evidence in the case.

INSTRUCTION NO. 3

At times during the trial the Court has ruled on objections to the admission of certain testimony or exhibits into evidence. Questions relating to the admissibility of evidence are solely questions of law for the Court, and you must not concern yourselves with the reasons for its rulings. In your consideration of the case, you must draw no inference from these rulings, and you must consider only the evidence which has been admitted by the Court.

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to express any opinion or suggestion as to how I would resolve any of the factual issues in this case.

INSTRUCTION NO. 4

Generally speaking, there are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 5

The credibility of a witness may be attacked by evidence that on some prior occasion he or she made a statement or acted in a manner which is inconsistent with his or her testimony in this case on a matter material to the issues.

You may consider evidence of this kind, in connection with all the other evidence, as evidence of the truth of what the witness said in his or her prior inconsistent statement. If you believe that any witness's testimony has been discredited, you may reject all or part of the testimony of that witness, and you may give the testimony such credibility as you think it deserves.

The fact that the defendant did not take the witness stand and testify in his own behalf does not create any presumption against him. You are charged that you must not permit that fact to weigh in the slightest degree against the defendant, nor should it enter into your discussions or deliberations in any manner.

INSTRUCTION NO. 6

Statements and arguments of counsel are intended to help you understand the evidence and apply the law, but they are not evidence in the case unless made as admissions or stipulations of facts.

The evidence in the case consists of the sworn testimony of the witnesses, regardless who called them, and all exhibits which have been received in evidence, regardless who produced them and all facts which have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court must be entirely disregarded. Likewise, anything you may have heard or seen outside the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

INSTRUCTION NO. 7

In determining whether defendant is guilty or innocent, you are to consider only whether he has committed the acts charged in the indictment.  Defendant is not on trial for any act or conduct not specifically charged in the indictment.  Even if you believe that defendant is guilty of some offense not charged in the indictment, you must find defendant not guilty if the evidence does not show beyond a reasonable doubt that he has committed the specific acts charged in the indictment.

INSTRUCTION NO. 8

The indictment charges that the offense was committed "on or about" a certain date. It is not necessary that the government's proof establish with certainty that a crime was committed on an exact date. It is sufficient for the government to prove beyond a reasonable doubt that defendant committed the crime on a date reasonably near the date alleged in the indictment.

INSTRUCTION NO. 9

You are here to determine defendant's guilt or innocence from the evidence in the case. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons. So, if the evidence in the case convinces you beyond a reasonable doubt of defendant's guilt, you should so find, even though you may believe that one or more other persons not charged are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, you must acquit defendant.

INSTRUCTION NO. 10

A reasonable doubt is a fair doubt based upon reason and common sense and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty, but at the same time defendant is not to be convicted on mere suspicion or conjecture. A reasonable doubt is a doubt that would make a reasonable person hesitate to act in the graver and more important transactions of life.

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is always on the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, defendant has the right to rely on failure of the prosecution to establish such proof. Defendant may also rely on evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose upon defendant the burden or duty of producing any evidence at all.

Based on your consideration of the evidence, if you are firmly convinced that defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a reasonable doubt that he is guilty, you must give him the benefit of that doubt and find him not guilty.

INSTRUCTION NO. 11

The law presumes defendant to be innocent of crime.  This presumption remains with him throughout the trial.  Thus, defendant, although accused, begins the trial with a "clean slate," with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused.  So the presumption of innocence alone is sufficient to acquit defendant, unless the jurors are satisfied of defendant's guilt beyond a reasonable doubt by all the evidence in the case.

INSTRUCTION NO. 12

In every crime there must exist a union or joint operation of act and intent. The burden is always upon the prosecution to prove both act and intent beyond a reasonable doubt.

An essential element of the crime charged in the indictment is that the act must have been done knowingly.

An act is done knowingly if it is done voluntarily and purposely, and not because of mistake or inadvertence or other innocent reason.

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer defendant's intent from the surrounding circumstances. You may consider any statement made and act done or omitted by defendant, and all other facts and circumstances in evidence which indicate defendant's state of mind at the time he is alleged to have committed the crimes charged.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

13

INSTRUCTION NO. 13

The indictment in this case charges substantially as follows:

### Count 1

Commencing on or about July 1, 2001, and continuing to on or about July 23, 2003, in the District of Kansas and elsewhere, defendant ALBERT WINTERS, JR., did knowingly and intentionally combine, conspire, and agree with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2, all in violation of Title 21, United States Code, Section 846.

Section 846 of Title 21, United States Code provides in part that:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

An indictment is a formal method of accusing a defendant of a crime. It is not evidence of any kind against defendant and does not create any presumption or permit any inference of guilt. It is merely a charge or accusation -- nothing more and nothing less. To the charge contained in the indictment, defendant has entered a plea of "not guilty." This plea puts in issue every material element of the crime charged and requires the United States to establish by the evidence, to your satisfaction beyond a reasonable doubt, every material allegation of the offense charged.

14

INSTRUCTION NO. 14

In order to prove that defendant is guilty of the crime charged in the indictment, the government must prove beyond a reasonable doubt the following three essential elements:

FIRST:    Commencing on or about July 1, 2001, and continuing to on or about July 23, 2003, two or more persons reached an agreement to distribute and to possess with intent to distribute methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1);

SECOND:    In the District of Kansas, defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

THIRD:    At the time defendant joined in the agreement, he knew the purpose of the agreement.

The government always has the burden of proving beyond a reasonable doubt every essential element of the crime charged. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 15

As to the first element, you are instructed that a conspiracy is a combination of two or more persons to accomplish an unlawful purpose or a lawful purpose by unlawful means.  The gist of the crime of conspiracy is the unlawful combination or agreement to violate the law.  While it involves an agreement to violate the law, it is not necessary that the persons charged met each other and entered into an express or formal agreement, or that they stated in words or writing what the scheme was or how it was to be effected. It is sufficient to show that they tacitly came to a mutual understanding to accomplish the unlawful act charged.

Such an agreement may be inferred from the circumstances and the conduct of the parties, since ordinarily a conspiracy is characterized by secrecy in its origin and its execution.

In determining whether the conspiracy charged in the indictment existed, you should consider the actions and declarations of all of the alleged co-conspirators which were done to carry out an apparent criminal purpose together with any reasonable inferences to be drawn from such evidence.  Proof concerning the accomplishment of the objects of a conspiracy may be considered as evidence of the existence of the conspiracy itself.

INSTRUCTION NO. 16

Title 21, United States Code, Section 841(a)(1), provides in part that "it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance."

The term "to distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another. The term "to distribute" includes the sale of something by one person to another.

Under federal law, methamphetamine is a controlled substance. You must ascertain whether the material in question was methamphetamine. In so doing, you may consider all evidence in the case, including the testimony of any expert.

INSTRUCTION NO. 17


As to the second element of the crime of conspiracy, you must determine whether defendant knowingly and intentionally became a member of the conspiracy. To participate "knowingly" and "intentionally" means to participate voluntarily and understandingly and with specific intent to do some act the law forbids, or with specific intent to fail to do some act the law requires to be done. That is to say, defendant must participate with bad purpose either to disobey or to disregard the law. If a given defendant, understanding the unlawful character of a plan, intentionally encourages, advises or assists for the purpose of furthering the understanding or scheme, he thereby becomes a knowing and willful participant -- in short, a conspirator.

In determining whether defendant was a member of the conspiracy, the jury must consider only defendant's acts and statements. Defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed and that he was one of its members. To be a member of the conspiracy, defendant need not know all of the other members or all of the details of the conspiracy, nor the means by which the objects were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. For defendant to be a member of the conspiracy, however, the government must prove beyond a reasonable doubt that defendant was aware of the common purpose and was a willing participant with the intent to advance the purposes of the conspiracy. A person who has no knowledge of a conspiracy, but happens to act in a way which furthers its object or purpose, does not thereby become a conspirator.

The extent of defendant's participation is not determinative of his innocence or guilt. Defendant may

18

be convicted as a conspirator even though he plays a minor part in the conspiracy.  His financial stake in the venture, if any, is a factor that may be considered in determining whether a conspiracy existed and whether he was a member of it.

INSTRUCTION NO. 18

If you find beyond a reasonable doubt that a conspiracy existed and that defendant became a member of the conspiracy, the acts and declarations of any other member of the conspiracy, in or out of defendant's presence, done in furtherance of the objects of the conspiracy and during its existence, may be considered as evidence against defendant. When persons enter into an agreement for an unlawful purpose, they become agents for one another.

However, statements or acts of any conspirator which are not in furtherance of the conspiracy, or are made before its existence or after its termination, may be considered as evidence only against the person making them.

A person may join a conspiracy at any point during its progress. A person who knowingly and intentionally joins an existing conspiracy is just as responsible as if he had been a member of the conspiracy from its inception. A person who joins an existing conspiracy is responsible for all that has been done before he joined and all that may be done thereafter during the existence of the conspiracy, while he remains a member. Such person is taken to adopt and is bound by all acts and statements of other members of the conspiracy which are in furtherance of the common objective of the conspiracy.

INSTRUCTION NO. 19

The testimony of a law enforcement officer is entitled to no special or exclusive sanctity. A law enforcement officer who takes the witness stand subjects his testimony to the same examination and tests that any other witness does. You should not believe law enforcement officers merely because they are law enforcement officers. You should recall their demeanor on the stand, their manner in testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. Law enforcement officers do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

INSTRUCTION NO. 20

You have heard evidence that Phillip Lopez and Luis Arrelano, alleged co-conspirators, pled guilty to crimes which arose out of the events for which defendant is on trial. You must not consider their guilty pleas as evidence of this defendant's guilt. You may consider the guilty pleas of these witnesses only for the purpose of determining how much, if at all, to rely upon the testimony of these witnesses.

The testimony of an alleged co-conspirator, someone who said he participated with another person in the commission of a crime, must be examined and weighed by the jury with great care. The jury must determine whether the testimony of the co-conspirator has been affected by self-interest, or by an agreement he may have with the government, or by his own interest in the outcome of this case, or by prejudice against defendant.

INSTRUCTION NO. 21

You are the exclusive judges of the facts proven, the weight of the evidence and the credibility of the witnesses. In determining the issues in this case you will, of course, rely upon the evidence which you have heard in the Courtroom and will not be swayed by sympathy, passion or prejudice. You may, and should, however, take into consideration and bring to your assistance the general information which you possess as to matters of common knowledge, observation and experience of life.

In weighing the testimony of the witnesses you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or lack of interest in the outcome of the case and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe that any witness has willfully testified falsely as to any material fact, you may disregard the whole or any part of his or her testimony, but you are not bound to believe or disbelieve all the testimony of any witness. Conflicting testimony, if any there be, should be reconciled with truthfulness, if reasonably possible, but if you cannot do so then you must use your best judgment in determining what testimony you will believe.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

23

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 22

Your verdict in this case will consist of answer to questions set forth in the verdict form. Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

If you fail to reach a verdict, the parties may be put to the expense of another trial and will once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a more competent jury. There also is no reason to believe that there will be more or clearer evidence produced at a future trial.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges — judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

25

INSTRUCTION NO. 23


You are instructed that when you have retired to your jury room, you will first select one of your number to act as foreperson and to preside over your deliberations and to be your spokesperson to the Court. When you have arrived at a unanimous verdict, you will mark the verdict form and have the foreperson sign and date it. You should then inform the bailiff that you are ready to return a verdict.

If it becomes necessary during your deliberations to communicate with the Court, you may send a written note by the bailiff. Bear in mind, however, that you are not to reveal to the Court or to any person how the jury stands, numerically or otherwise, on the issues presented for your determination, until after you have reached a unanimous verdict. Of course your verdict must be in accordance with the instructions and the evidence you have heard.


October 29, 2004                           s/ Kathryn H. Vratil
DATE                                       UNITED STATES DISTRICT JUDGE