**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                              **CASE NO. 03-20096-13-KHV**

**ALBERT WINTERS, JR.,**

        **Defendant.**

**RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
OR, IN THE ALTERNATIVE FOR A NEW TRIAL**

The United States of America, by and through undersigned counsel, responds in opposition to Defendant Winters' Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative for a New Trial and Suggestions in Support Thereof, (Doc. 232), filed by the defendant on November 8, 2004.

## ARGUMENTS AND AUTHORITIES

The defendant asserts the insufficiency of the evidence and prejudicial expert testimony are the basis for granting a judgment of acquittal pursuant to Fed. R. Crim. P. 29 or a new trial pursuant to Fed. R. Crim. P. 33. The defendant has failed to meet even the threshold requirements for either.

**Federal Rule of Criminal Procedure 29**

In considering a Fed. R. Crim. P. 29 motion for judgment of acquittal, the Court must "view the evidence in the light most favorable to the government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." *United States v. White*, 673 F.2d 299, 301 (10th Cir.

1

1982).  The court must refrain from weighing conflicting evidence and from considering the credibility of witnesses, and determine whether the evidence, when viewed in the light most favorable to the government, establishes each element of the crime.  *Id.* at 301-02.  If so, the court must not disturb the jury's verdict of guilty.  *Id.* at 302.  The court's review is quite limited; it may neither weigh the evidence nor assess the credibility of witnesses.  *Burks v. United States*, 437 U.S. 1, 16 (1978).  A judgment of acquittal may be entered "only if the evidence that the defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."  *White*, 673 F.2d at 301.  The jury may base its verdict on both direct and circumstantial evidence, together with the reasonable inferences that could be drawn therefrom, in the light most favorable to the government.  *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).  Applying these standards to the case at hand, the defendant's motion must be denied.

**Federal Rule of Criminal Procedure 33**

In considering a Federal Rule of Criminal Procedure 33 motion for new trial, the Court has broad discretion which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987); *see United States v. Patterson*, 41 F.3d 577, 579 (10th Cir. 1994).  Rule 33 provides that the Court may grant a new trial "if required in the interest of justice."  Courts view motions for new trial with disfavor and grant them only with great caution.  *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir.), *cert. denied*, 510 U.S. 883, 114 S.Ct. 230, 126 L.Ed.2d 185 (1993); *United States v. Ruedlinger*, 976 F.Supp. 976, 979 (D. Kan. 1997).  New trials are not favored, *United States v. Custodio,* 141 F.3d 965, 966 (10th Cir. 1998)*; United States*

*v. Gleeson*, 411 F.2d 1091 (10th Cir. 1969), and the Court should exercise great caution in granting them. *United States v. Allen*, 554 F.2d 398 (10th Cir.), *cert. denied*, 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). The defendant has the burden of proving the necessity of a new trial. *United States v. Sasso*, 59 F.3d 341, 350 (2nd Cir. 1995); *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *Ruedlinger* at 979.

**Sufficiency of the Evidence**

A District Court's ruling on a motion for judgment of acquittal based on the sufficiency of the evidence is reviewed de novo. *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000). "We will reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1290-91. The Court need inquire "only whether taking the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (*quoting United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th Cir.1999)). The scope of the Court's review is limited; it may "neither weigh conflicting evidence nor consider the credibility of witnesses." *Id.* (*quoting United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir.1997)). "Defendants challenging a conviction on sufficiency of the evidence grounds face a difficult standard of review as we reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Spring*, 80 F.3d 1450, 1459 (10th Cir.1996) (citations and quotations omitted).

The defendant's argument regarding sufficiency fails to state with specificity what the defense is contending was unreliable evidence. The defense seems to make a broad

3

argument that the government failed to prove the charge of conspiracy.  The evidence in the present case centered on the credibility of the government's witnesses.  The defense cannot argue against the credibility of witnesses since the Court will refrain from second-guessing the jury's assessment of witness credibility.  The Tenth Circuit Court of Appeals stated in *United States v. Lazcano-Villalobos* we do not "question the jury's credibility determinations or its conclusions about the weight of the evidence."*,* 175 F.3d 838, 843 (10th Cir.1999).  Since there was substantial evidence, when viewed in the light most favorable to the government, the motion for judgment of acquittal based on sufficiency of the evidence should be denied.

Where the cumulative weight of evidence against a defendant is substantial the Court must consider whether given a new trial if the result would likely be the same. Defendant Albert Winters sold methamphetamine to two testifying witnesses in the Gardner, Kansas and Edgerton, Kansas area.  Law enforcement seized the methamphetamine sold by the defendant to one of the testifying witnesses which was presented as an exhibit during the trial in this matter.  Further, the defendant purchased methamphetamine from a testifying witness on numerous occasions in Johnson County, Kansas.  In such situations the Courts have found that "[u]nder such circumstances, it would be a waste of judicial resources to require a new trial where the result is likely to be the same." *United States v. Rose*, 104 F.3d 1408, 1414 (1st Cir.1997)(*quoting United States v. Rodriguez Cortes*, 949 F.2d 532, 543 (1st Cir.1991)).  Since the evidence against the defendant in the present case was substantial and the result of a new trial would result in another finding of guilt, the defendant's motion for new trial should be denied.

4

**Expert Testimony**

In the present case the Court did not commit error in accepting the testimony of Special Agent Lonny Namanny regarding the narcotics trafficking industry.  In order to determine whether an expert is necessary to aid the jury in a particular case, the court is required to evaluate "the state of knowledge presently existing about the subject of the proposed testimony" in light of its "appraisal of the facts of the case."  *United States v. de Soto,* 885 F.2d 354, 359 n. 3 (7th Cir. 1989) (quoting 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 702[02], at 702-18 (1988)).  Because courts have recognized that the average juror is unlikely to be knowledgeable about drug trafficking, they consistently have allowed expert testimony concerning the "tools of the trade" and the methods of operation of those who distribute various types of illegal narcotics.  *See Foster,* 939 F.2d 445, 451-52 & n. 6 (7th Cir. 1991) (collecting cases); *de Soto,* 885 F.2d at 359;  *see also United States v. Boney,* 977 F.2d 624, 628 (D.C. Cir.1992); *United States v. McDonald,* 933 F.2d 1519, 1522 (10th Cir.), *cert. denied,* 502 U.S. 897, 112 S.Ct. 270, 116 L.Ed.2d 222 (1991); *United States v. Boissoneault,* 926 F.2d 230, 232-33 (2d Cir.1991); United States v. Dunn, 846 F.2d 761, 762-63 (D.C. Cir.1988).  In particular, such testimony has been admitted to establish the meaning of narcotics code words (*see United States v. Hughes,* 970 F.2d 227,  236 (7th Cir. 1992); *United States v. Rollins,* 862 F.2d 1282, 1292 (7th Cir.1988), *cert. denied,* 490 U.S. 1074, 109 S.Ct. 2084, 104 L.Ed.2d 648 (1989); *Theodoropoulos,* 866 F.2d 587, 590-92 (3rd Cir 1989), and of written records of narcotics transactions (*United States v. Duarte,* 950 F.2d 1255, 1261 (7th Cir.1991), *cert. denied,* 506 U.S. 859, 113 S.Ct. 174, 121 L.Ed.2d 120 (1992)); to describe various counter surveillance techniques used by drug dealers to avoid detection by the police, (*see de Soto,*

5

885 F.2d at 360), and the use of beepers to arrange clandestine narcotics transactions (*see United States v. Solis,* 923 F.2d 548, 550-51 & n. 4 (7th Cir.1991) (collecting cases));  to familiarize jurors with the quantity, purity, usual dosage units and street value of narcotics (*see* narcotics (*see United States v. Amaechi,* 991 F.2d 374, 377, 378 (7th Cir. 1993); *United States v. Douglas,* 874 F.2d 1145, 1154 (7th Cir.), *cert. denied,* 493 U.S. 841, 110 S.Ct. 126, 107 L.Ed.2d 87 (1989);  *United States v. Safari,* 849 F.2d 891 (4th Cir.), *cert. denied,* 488 U.S. 945, 109 S.Ct. 374, 102 L.Ed.2d 363 (1988));  and to describe paraphernalia specifically associated with the manufacture or distribution of illegal drugs (*see Dunn,* 846 F.2d at 762, 763).   Expert witnesses have also been permitted to present general background information on the subject of drug trafficking, including typical behavior patterns characterizing both users and distributors.   *See Foster,* 939 F.2d at 451 & n. 6 (collecting cases); *McDonald,* 933 F.2d at 1522;  *see also United States v. Gomez-Norena,* 908 F.2d 497, 500-01 (9th Cir.) (expert testimony concerning drug courier profile admitted for limited purpose of providing background information), *cert. denied,* 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990).   As in the present case, tools of the trade may necessitate the appearance of an expert witness if the jury could not understand the significance of possession of those items.   *See United States v. Robinson,* 978 F.2d 1554, 1563 (10th Cir.1992).   Courts have upheld the admission of expert testimony detailing the significance of "a drug dealer's tools of [the] trade:  a single-edge razor blade, a pager or beeper, and a loaded pistol," *McDonald,* 933 F.2d at 1522, as well as the admission of expert testimony to "explain the meaning of the physical evidence" officers "found at the arrest scene ... where the narcotics were confiscated," *Robinson,* 978 F.2d at 1564;  *see also United States v. Martinez,* 938 F.2d 1078, 1083 (10th Cir.1991) (upholding the

6

admission of testimony regarding the possession of guns and scales as admissible as "tools of the trade--that is, means for the distribution of illegal drugs"); *United States v. Young,* 745 F.2d 733, 761 (2nd Cir.1984) (upholding the admission of expert testimony "to explain physical evidence [of heroin manufacturing paraphernalia] that was in the case"). Specifically the Tenth Circuit Court of Appeals upheld expert testimony regarding drug manufacturing in *United States v. Becker*, 230 F.3d 1224 (10th Cir. 2000).  The court held that the significance of at least the location of the defendant's residence, the recipes, and the weapons would not necessarily be obvious without specialized testimony by an expert witness. *Id.*  Considering the fine line between potentially improper profile evidence and acceptable specialized testimony explaining the significance of physical evidence, we cannot conclude that there was error so "obvious and substantial [that] when viewed in light of the entire record [it] seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id. at* 1231 citing *United States v. Nall*, 949 F.2d 301, 309 (10th Cir. 1991).

The testimony provided by Special Agent Namanny was not inadmissible profile evidence substantive to the issue of guilt.  Profile evidence is a "point by point examination of profile characteristics" that enable the investigator to justify pursuing the matter.  *United States v. Quigley,* 890 F.2d 1019, 1022-24 (8th Cir.1989), *cert. denied,* 493 U.S. 1091, 110 S.Ct. 1163, 107 L.Ed.2d 1066 (1990).   In *United States v. Robinson*, the Court allowed expert testimony regarding the meaning of the evidence offered related to the items found at the arrest scene and particular actions by the defendants at the arrest scene, the same location where the narcotics were confiscated.  978 F.2d 1554 (10th Cir. 1992).  The expert simply explained the meaning of the physical evidence. *Id.*  The Court went on to qualify

the difference between substantive evidence of guilt versus explanatory testimony in stating "the dissent's discussion of profile evidence is therefore not pertinent because the evidence presented in this case is direct evidence. [t]he exemplar cases of the dissent, *United States v. Williams,* 957 F.2d 1238, 1240 (5th Cir. 1992) and *United States v. Simpson,* 910 F.2d 154, 155 (4th Cir.1990), involve testimony concerning suspicious behavior in airports which led officers to approach the defendants.   [i]n both cases, this evidence was then used as substantive evidence of guilt. [t]he officers in *Simpson* observed a defendant attempt to pass through an airport security checkpoint with $450 in cash, 'suspicious looking metallic objects' and a pistol, giving them cause to investigate.  *Simpson,* 910 F.2d at 155.   [i]n *Williams,* evidence concerning the nervousness and the slow movement of the defendant could not be used as substantive evidence of guilt.  *Williams,* 957 F.2d at 1242. [t]he profiles themselves are nothing more  than a compilation of characteristics which aid law enforcement officials in identifying persons who might be trafficking in illegal narcotics. [b]ut the fact that an individual fits the profile does not necessarily mean that the evidence in a particular case will show that the person was carrying drugs.   *[i]t is the evidence showing the person's connection to drug trafficking that must form the basis for the conviction.* (emphasis added).   [i]tems found in the apartment where both cocaine and the defendants were discovered are probative of the defendant's connection to drug trafficking." *Id.* at 1564.

The defendant received a fair trial with the jury weighing all of the evidence before it and convicting the defendant of conspiracy to distribute methamphetamine. The trial Court's evidentiary rulings are reviewed for abuse of discretion.  See *United States v. Davis*, 40 F.3d 1069, 1073 (10th Cir. 1994), *cert. denied*, 514 U.S. 1088, 115 S.Ct. 1806,

8

131 L.Ed.2d 732 (1995).  A District Court is granted broad discretion in ruling on the relevancy of evidence.  *See United States v. Alexander*, 849 F.2d 1293, 1301 (10th Cir. 1988).  A new trial is warranted only if defendant shows an abuse of that discretion.  *Id.* "A defendant is entitled to a new trial only if there is a reasonable possibility that the exclusion of the evidence had a prejudicial effect upon the jury's verdict." *United States v. Cueto*, 151 F.3d 620, 637-38 (7th Cir. 1998) (internal quotations and citation omitted);  see Fed.R.Crim.P. 52(a) ("Any error ... which does not affect substantial rights shall be disregarded.") *Id.* at 1196.  Even if the Court were to determine that such testimony was admitted in error, any error was harmless and the defendant's substantial rights were not affected.

## CONCLUSION

For the reasons enumerated herein, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,
ERIC F. MELGREN
United States Attorney
District of Kansas


s/Sheri McCracken
Sheri McCracken
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
913-551-6730
Ks. S. Ct. No. 17097
Sheri.McCracken@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2004, I electronically filed the

foregoing with the clerk of the court by using the CM/ECF system which will send a notice

of electronic filing to the following:

R. Bruce Kips
6333 Long-Ste. 200
Shawnee, KS 66216
Attorney for Albert Winters, Jr.

       s/Sheri McCracken
SHERI MCCRACKEN, #17097
Assistant United States Attorney